**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Jose HERNANDEZ, also known as Jose R. Hernandez, also known as Jose Refugio Hernandez, also known as Jose Hernandez–Refugio, Defendant–Appellant.**

No. 05–20896
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Jose Hernandez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense, and by *United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir. 2005), *petition for cert. filed* (U.S. Jan. 9, 2006) (No. 05–8662), which held that a challenge to the district court's order requiring the defendant to cooperate in the collection of a DNA sample as a condition of supervised release is not ripe for review on direct appeal. The Government's motion for summary affirmance is GRANTED.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

